IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIBRAIL MALIK MUHAMMAD,    ) | |
|    Plaintiff,                                    ) | |
| )  | |
| v.                                                        ) | CIVIL ACTION 12-115-KD-M |
| )  | |
| SELMA CITY SCHOOL BOARD,   ) | |
|    Defendant.                              ) | |

**ORDER**

This matter is before the Court on Plaintiff Jibrail Malik Muhammad's motion for leave to proceed *in forma pauperis* and for appointment of counsel.[1] (Doc. 2). Plaintiff's motion is **GRANTED in part** and **DENIED in part**. Specifically, upon review of the financial information provided by Plaintiff, the Court finds that Plaintiff is indigent and may therefore proceed *in forma pauperis*. However, recognizing both that a civil plaintiff has no constitutional right to counsel and that the Eleventh Circuit has held that courts should appoint counsel only in "exceptional circumstances, such as where facts and legal issues are so novel or complex as to require the assistance of a trained practitioner," see Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992), Plaintiff's request for counsel is **DENIED**.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review Plaintiff's complaint and dismiss the case if it determines that the action is frivolous, malicious, or fails to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (2006); see also

---

[1] Plaintiff initially filed his *pro se* "Petition for Remedies" in the Northern District of Alabama. (Doc. 1). On February 10, 2012, the Honorable C. Lynwood Smith, Jr., United States District Judge for the Northern District of Alabama transferred the case to the Southern District of Alabama along with 44 other apparently related actions that Plaintiff contemporaneously commenced in the Northern District. (Doc. 3). On March 7, 2012, the Clerk of Court assigned each of Plaintiff's 45 cases to the undersigned.

Bilal v. Driver, 251 F.3d 1346, 1348-49 (11th Cir. 2001) (dismissal under § 1915(e) is mandatory). Several principles guide the Court's inquiry. First is that, under 28 U.S.C. § 1915(e)(2)(B), "[a] claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). Another is that, though a *pro se* litigant's allegations are to be construed liberally, the Court "will not serve as de facto counsel or rewrite an otherwise deficient pleading in order to sustain an action." Johnson v. Wilbur, 375 F. App'x 960, 963 (11th Cir. 2010) (internal citation and quotation marks omitted).

Unfortunately, the allegations of Plaintiff's complaint are so conclusory and ill-formed as to render adequate review by the Court impractical at this time. However, liberally construing Plaintiff's complaint, the Court has been able to tease out four distinct causes of action that Plaintiff attempts to claim against the Selma City School Board ("the Board"), the lone defendant in this action. Specifically, the Court construes Plaintiff's complaint as alleging 1) employment discrimination on the basis of sex and race regarding assignments, pay, and wrongful termination (actionable under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*); 2) failure to accommodate religious beliefs (also actionable under Title VII); 3) failure to accommodate physical disability (actionable under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*); and 4) violations of the Family Medical Leave Act ("FMLA") (actionable under 29 U.S.C. § 2601 *et seq.*).

In order to facilitate the required frivolity review, Plaintiff is hereby **ORDERED** to file an amended complaint on or before **Tuesday, April 3, 2012**. As to each claim, each of which should be pled as a separate count,[2] Plaintiff is to provide particularized facts concerning the alleged

---

[2] The Clerk of Court is **DIRECTED** to send Plaintiff a copy of the Court's Pro Se Litigant Guide, which is available online at http://www.alsd.uscourts.gov/documents/forms/pslg.pdf. Plaintiff is expected to be fully familiar and compliant with this Guide in all further proceedings in

violation, including, but not limited to, the date and location of the violation and the name of each participant involved. As to each cause of action, Plaintiff's amended complaint must plead enough factual matter that, if taken as true, suggests that the requisite elements will be met.[3]

---

this action. Additionally, Plaintiff is expected to comply with the Federal Rules of Civil Procedure and the Local Rules of this District Court. See S.D. Ala. L.R. 83.9(b) ("All litigants proceeding *pro se* shall be bound by and comply with all local rules of this Court, and the Federal Rules of Civil and Criminal Procedure, unless otherwise excused from operation of the rules by court order."); Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules."); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure").

[3]   Title VII provides that it is "an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1) (2006). Plaintiff may establish a *prima facie* case of discrimination by showing that he 1) is a member of a protected class; 2) suffered an adverse-employment action; and 3) was treated less favorably than a similarly situated individual not in the protected class. Maynard v. Bd. of Regents, 342 F.3d 1281, 1289 (11th Cir. 2003).  Under the governing standard for determining adverse-employment actions, Plaintiff must show "a serious and material change in the terms, conditions, or privileges of employment. Moreover, the employee's subjective view of the significance and adversity of the employer's action is not controlling; the employment action must be materially adverse as viewed by a reasonable person in the circumstances." Davis v. Town of Lake Park, 245 F.3d 1232, 1239 (11th Cir. 2001).

In order to establish a *prima facie* case of intentional compensation discrimination, Plaintiff must establish that: 1) he belongs to a protected class; 2) received low wages; 3) similarly situated comparators outside the protected class received higher compensation; and 4) he was qualified to receive the higher wage. Cooper v. S. Co., 390 F.3d 695, 734-35 (11th Cir. 2004), overruled in part on other grounds, Ash v. Tyson Foods, Inc., 546 U.S. 454 (2006). "In a comparator analysis, the plaintiff is matched with a person or persons who have very similar job-related characteristics and who are in a similar situation to determine if the plaintiff has been treated differently than others who are similar to him." Id. at 735-36 (quotation, citation, and emphasis omitted). The plaintiff must show that he shared the same type of tasks as the comparators. Id. at 735. "A comparator is an employee similarly situated to the plaintiff in all relevant respects." Rioux v. City of Atlanta, 520 F.3d 1269, 1280 (11th Cir. 2008) (internal quotations and alteration omitted).

In order to establish a *prima facie* case of religious discrimination under a failure-to-accommodate theory, Plaintiff must prove that he had a bona fide religious belief that conflicted with an employment requirement; that he informed his employer about the conflict; and that he suffered an adverse employment action for failing to comply with the conflicting employment requirement. Beadle v. Hillsborough Cnty. Sheriff's Dep't, 29 F.3d 589, 592 n.5

However, an amended complaint that offers labels and conclusions, a formulaic recitation of the elements of the causes of action, or naked assertions devoid of further factual enhancement will not suffice.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Plaintiff is **ADVISED** that his new complaint will supersede his original complaint; therefore, Plaintiff shall not rely upon or reference his original complaint.   Additionally, Plaintiff is **CAUTIONED** that failure to file an amended complaint within the prescribed time may result in the dismissal of this action for failure to prosecute and to obey the Court's Order.

The Clerk of Court is **DIRECTED** to send a copy of this order to Plaintiff by U.S. Mail.

**DONE** and **ORDERED** this the **13th** day of **March 2012**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

(11th Cir. 1994).

In order to establish a *prima facie* case under the ADA, Plaintiff must show that he: 1) has a "disability" (as defined by 42 U.S.C. § 12102); 2) is a "qualified individual" (as defined by 42 U.S.C. § 12111); and 3) was discriminated against because of his disability.  Pritchard v. S. Co. Servs., 92 F.3d 1130, 1132 (11th Cir. 1996).  Failure to reasonably accommodate the known physical or mental limitations of an otherwise qualified individual constitutes discrimination under the ADA.  42 U.S.C. § 12112(b)(5)(A) (2006).

To state a claim that the Board has interfered with his right to take FMLA leave, Plaintiff must "demonstrate that he was entitled to but denied the right."  Strickland v. Water Works & Sewer Bd., 239 F.3d 1199, 1208 (11th Cir. 2001).  To bring claims under the FMLA, an employee must first be found to be an "eligible employee" under the statute by 1) having been employed by the employer for at least 12 months; and 2) having been employed for at least 1,250 hours of service with the employer in the previous 12-month period.  29 U.S.C. § 2611(2)(A) (2006).  Eligible employee status is a required element for recovery in an FMLA action.  Morrison v. Amway Corp., 323 F.3d 920, 927 (11th Cir. 2003).