```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     NORTHERN DIVISION


JIBRAIL MALIK MUHAMMAD,          :
                                 :
     Plaintiff,                  :
                                 :
vs.                              :
                                 :   CIVIL ACTION 12-0115-KD-M
SELMA CITY SCHOOL BOARD,         :
                                 :
     Defendant.                  :
```

REPORT AND RECOMMENDATION

The Motion to Dismiss filed by Defendant (Doc. 14) has been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2.  Jurisdiction has been invoked under Title VII, 42 U.S.C. § 2000e-2, and the Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601-2654.  After consideration, it is recommended that Defendant's motion be granted.

The facts are, briefly, as follows.  Plaintiff Jibrail Malik Muhammad was employed by Defendant Selma City School Board (hereinafter *School Board*) for a period of nine years as a teacher (Doc. 6).  On January 9, 2012, Plaintiff filed this action against Defendant in the United States District Court for the Northern District of Alabama (Doc. 1).  That Court transferred the action to this Court after determining that this Court was the appropriate venue (Docs. 3-4).  At this Court's

1

direction (Doc. 5), Muhammad filed an Amended Complaint, on April 3, listing 106 counts against Defendant (Doc. 6).  On April 13, United States District Judge Dubose entered an Order striking all but two of Plaintiff's claims as frivolous, leaving for consideration only the claims of religious discrimination on a failure-to-accommodate theory (count 18) and FMLA[1] interference (count 105) (Doc. 10).

On May 8, Defendant filed a Motion to Dismiss Plaintiff's remaining two claims (Docs. 14-15).  Though given the opportunity to do so (Doc. 16), Muhammad has not responded to the Motion.

The Court notes, initially, that "[w]hen considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  In order to state a claim for relief, the Federal Rules of Civil Procedure state that a pleading must contain "a short and plain statement of the claim showing that

---

[1]This references the Family and Medical Leave Act (hereinafter *FMLA*) of 1993.

the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The U.S. Supreme Court explained that the purpose of the rule was to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).[2] While factual allegations do not have to be detailed, they must contain more than "labels and conclusions;" "a formulaic recitation of the elements of a cause will not do." *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted). "Facts that are 'merely consistent with' the plaintiff's legal theory will not suffice when, 'without some further factual enhancement [they] stop short of the line between possibility and plausibility of "entitle[ment] to relief."'" *Weissman v. National Association of Securities Dealers, Inc.*, 500 F.3d 1293, 1310 (11th Cir. 2007) (quoting *Twombley*, 550 U.S. 557) (quoting *DM Research, Inc. v.*

---

[2]*Conley* also stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46. The U.S. Supreme Court has done away with this standard in *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 557-563 (2007). The Court, nevertheless, finds *Conley*'s statement regarding the purpose of Rule 8(a)(2) to be useful here in deciphering the analysis necessary for evaluating Plaintiff's claims.

*College of American Pathologists*, 170 F.3d 53, 56 (1st Cir. 1999)). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombley*, 550 U.S. at 556). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of conduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)). As noted by the Supreme Court, Plaintiffs must "nudge[] their claims across the line from conceivable to plausible[; otherwise,] their complaint must be dismissed." *Twombly*, 550 U.S. at 570. It is noted, however, that a complaint may be dismissed, under Federal Rule of Civil Procedure 12(b)(6), "on the basis of a dispositive issue of law." *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir.) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)), *cert. denied*, 502 U.S. 810 (1991).

In its Motion, Defendant asserts that Plaintiff has failed to demonstrate the elements of either of the two claims raised in this action (Doc. 15). First, however, School Board asserts that Muhammad's claim of religious discrimination was not brought in a timely fashion (Doc. 15, p. 3). The Court will begin there.

"Under Title VII, a Plaintiff must file [his] complaint in the district court within 90 days of [his] receipt of a right-to-sue letter from the EEOC."  *Miller v. Georgia*, 223 Fed.Appx. 842, 844 (11th Cir. 2007) (*citing* 42 U.S.C. § 2000e-5(f)(1)).  Muhammad provided a copy of a letter from the EEOC, dated October 5, 2011, informing him of its investigation results (Doc. 1, pp. 9-10).[3]  It is presumed that Muhammad received notice from the EEOC three days later, on October 8, 2011, a Saturday.  *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 148 n.1 (1984) (*citing* Fed.R.Civ.P. 6(e)).  The ninetieth day after receipt of the EEOC notice would have been Monday, January 9, 2009.[4]  This is the date this action was filed (Doc. 1), so it was timely.

The Court will next examine School Board's assertion that Plaintiff has not established a *prima facie* case of religious discrimination under a failure-to-accommodate theory (Doc. 15, pp. 3-4).

The Court notes that the Eleventh Circuit Court of Appeals,

---

[3] Plaintiff did not provide the Court with a copy of the "Dismissal and Notice of Rights Letter" issued to him by the EEOC.

[4] As Muhammad could not have filed the action on October 9, a Sunday, or October 10, a federal holiday (Columbus Day), the first day, for counting purposes, was Tuesday, October 11, 2011.

in *Beadle v. Hillsborough County Sheriff's Dept.*, 29 F.3d 589 (11th 1994), *cert. denied*, 514 U.S. 1128 (1995), stated the following with regard to a Title VII claim:

> Title VII of the Civil Rights Act of 1964, as amended, prohibits an employer from discriminating against an employee on the basis of that person's "race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). The term "religion" is defined in the statute as including "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate . . . employee's religious observance or practice without undue  hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j).

*Beadle*, 29 F.3d at 591-92.

The Court notes that there is a three-part test for Muhammad to establish a *prima facie* case of religious discrimination on a failure to articulate theory: that "(1) he had a bona fide religious belief that conflicted with an employment requirement; (2) he informed his employer of his belief; and (3) he was disciplined for failing to comply with the conflicting employment requirement." *Dixon v. Palm Beach County Parks and Recreation Department*, 343 Fed.Appx. 500, 502 (11th Cir. 2009) (*citing Morrissette-Brown v. Mobile Infirmary Med. Ctr.,* 506 F.3d 1317, 1321 (11th Cir. 2007)). "If a *prima facie* case is established, the burden shifts to the employer to

present evidence either that it offered to accommodate the plaintiff or that it could not reasonably accommodate him." *Richardson v. Dougherty County, Georgia*, 185 Fed.Appx. 785, 789 (11th Cir. 2006) (*citing Beadle*, 29 F.3d at 592).

Plaintiff's factual assertions for this claim are as follows:

> Mrs. Cowart (Christian European American Female) discriminated against my religious practices and observances. She did not try to accommodate my efforts on going to Islamic services on Fridays (Sabbath). As a Muslim male, I am required to go to Jumah Services on Fridays. Jumah Services time frame was approximately from 1:15 p.m. – 2:30 p.m. I have been allowed to go previous years while working for Selma City Schools. Cedar Park Elementary is closer than the last school I worked. Cedar Park Elementary is approximately a quarter of a mile away from where I attended service. Mrs. Cowart could have easily accommodated my efforts to observe my Sabbath by allowing me to attend service during the time my students were away from me in the computer lab. Also, she could have scheduled music, counseling, or library time during the time of my Sabbath. Furthermore, she could have scheduled any two of the periods mentioned consecutively during the time of my Sabbath. Mrs. Cowart scheduled two of the periods consecutively for other teachers.

(Doc. 6, pp. 12-13). Defendant's response follows:

> He suggested that his supervisor could have scheduled other courses during the time of

>            his Sabbath.  Rescheduling other courses
>            would have affected other teachers at the
>            school and could have possibly required
>            getting substitutes or paying other teachers
>            while the Plaintiff was out attending his
>            Sabbath.  The Plaintiff was employed as an
>            elementary school teacher, assigned to teach
>            school Monday through Friday during the
>            school year.

(Doc. 15, pp. 3-4).

After reviewing the evidence of record, the Court finds that Muhammad has not established a *prima facie* case of religious discrimination on a failure to articulate theory in that he has not demonstrated that he was disciplined for failing to comply with the conflicting employment requirement.  Even though the Court went through the entirety of his complaint (Doc. 6), the Court did not find where Plaintiff has asserted that he attended any Jumah services, causing him to miss a teaching assignment, and was reprimanded as a result.  As the Court finds that Muhammad has failed to establish a *prima facie* case of religious discrimination, it is recommended that Defendant's Motion to Dismiss (Doc. 14) be granted as to this claim and that this claim be dismissed.[5]

---

[5]The Court again notes that although he was given the opportunity to respond to School Board's Motion to Dismiss, Muhammad has not done so (*see* Doc. 16).

Plaintiff has claimed, in count 105, that he was denied the ability to use Family Medical Leave when requested (Doc. 6, pp. 87-90). More specifically, Muhammad asserted the following:

> On 8 August 2010, I requested emergency Family Medical Leave. On a letter dated 10 August 2010, [] Dr. Donald Jefferson (The Second Former Interim Superintendent) unlawfully deprived my of my right based on the following:
>
>> According to Mr. Minor's (Immediate Supervisor) records, I have been absent from work since April 7, 2009. Because I have not worked a minimum of 1,250 hours during a (12)month period, it is deemed that I am ineligible for Family Medical Leave.

(Doc. 6, p. 88).[6]

School Board seeks to dismiss Plaintiff's claim for FMLA interference (count 105), asserting that he has not demonstrated that he was even eligible to receive Family Medical Leave, much less that he was wrongfully excluded from it (Doc. 15, p. 4).

The Court notes, initially, that "[t]he Family and Medical Leave Act, 29 U.S.C. §§ 2601-2654 ("FMLA"), entitles eligible employees to take up to twelve (12) workweeks of leave during

---

[6]The Court notes that although Muhammad asserted "wrongful termination" in the heading of this claim, he has provided no factual assertions concerning his termination (see Doc. 6, pp. 87-90).

9

any twelve (12) month period because of "a serious health condition." *Cooper v. Fulton County, Georgia*, 458 F.3d 1282, 1285 (11th Cir. 2006) (*citing* 29 U.S.C. § 2612(a)(1)(D)). "The term 'eligible employee' means an employee who has been employed for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title and for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A). It is unlawful for any employer to interfere with an employee's attempt to exercise any right under the FMLA. 29 U.S.C. § 2615(a)(1). Finally, the Court notes that "[t]he determination of whether an employee has worked for the employer for at least 1,250 hours in the past 12 months and has been employed by the employer for a total of at least 12 months must be made as of the date the FMLA leave is to start." 29 C.F.R. § 825.110(d).

After reviewing all of the evidence related to this claim, the Court finds that Muhammad has made assertions that only "permit the court to infer more than the mere possibility of conduct;" as such, Plaintiff "has not 'show[n]'—'that [he] is entitled to relief.'" *Iqbal*, 556 U.S. at 679. Muhammad, in his Complaint, states that his request for FMLA leave was denied because he had not worked in over a year; he has not, however, shown that this was not true. The Court finds that Plaintiff

has not demonstrated that he was eligible for FMLA leave at the time that he requested it. Therefore, it is recommended that Defendant's Motion to Dismiss be granted as to this claim.

In summary, Defendant has filed a Motion to Dismiss, asserting that Plaintiff has not demonstrated the elements of the two claims remaining in this action. The Court agrees with the Selma City School Board and recommends that Defendant's Motion to Dismiss be granted (Doc. 14) and that the two claims (counts 18 and 105) be dismissed. As these were the only two existing claims left in this action (*see* Doc. 10), it is further recommended that judgment be entered in favor of Defendant, Selma City School Board, and against Plaintiff Jibrail Malik Muhammad.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1. **<u>Objection</u>**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a
> magistrate judge in a dispositive matter, that is, a matter

excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objection party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **Transcript (applicable where proceedings tape recorded).**  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

Done this 19th day of June, 2012.

                                    s/BERT. W. MILLING, JR.
                                    UNITED STATES MAGISTRATE JUDGE