IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JIBRAIL MALIK MUHAMMAD,**     ) | |
|     Plaintiff,     ) | |
| ) | |
| v.     ) | CIVIL ACTION 12-115-KD-M |
| ) | |
| **SELMA CITY SCHOOL BOARD,**     ) | |
|     Defendant.     ) | |

**ORDER**

This action is before the Court on Defendant Selma City School Board ("School Board")'s unopposed motion to dismiss (Doc. 14), Defendant's brief in support (Doc. 15), and the Recommendation of the Magistrate Judge (Doc. 17).

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and no objections having been filed, the Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED as modified** as follows, as the opinion of this Court:

    1)    In the penultimate sentence of the first paragraph on page 5, "January 9, 2009" is **STRICKEN and REPLACED** with "January 9, 2012."

    2)    In the first sentence of the first full paragraph on page 6, "articulate" is **STRICKEN and REPLACED** with "accommodate."

    3)    That portion of the Recommendation on page 8 beginning with "After reviewing the evidence of record" and ending with "that this claim be dismissed," wherein the Magistrate Judge finds that Plaintiff failed to establish a *prima facie* case of religious discrimination, is **STRICKEN and REPLACED** with the following:

Although a Title VII complaint need not allege facts sufficient to make out a classic *prima facie* case, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002), it must provide enough factual matter, taken as true, to suggest intentional discrimination. Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 (11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)). See also Henderson v. JP Morgan Chase Bank, N.A., 436 F. App'x 935, 937 (11th Cir. 2011) ("A complaint in an employment discrimination case need not contain specific facts establishing a *prima facie* case under the evidentiary framework for such cases to survive a motion to dismiss. But complaints alleging discrimination still must meet the 'plausibility standard' of Twombly and Iqbal." (internal citation omitted)). In his amended complaint, Plaintiff failed to plead any factual matter to support such a suggestion. Significantly, the amended complaint is bereft of any allegation that Plaintiff was disciplined by the School Board or any of its agents for attending a religious service that conflicted with Plaintiff's teaching schedule. Therefore, Defendant's Motion to Dismiss (Doc. 14) is granted as to this claim.

4) That portion of the Recommendation spanning pages 10 and 11 and beginning with "After reviewing all of the evidence related to this claim" and ending with "granted as to this claim," wherein the Magistrate Judge finds that Plaintiff failed to demonstrate that he was eligible for FMLA leave at the time of his request, is **STRICKEN and REPLACED** with the following:

Plaintiff's allegations in support of his FMLA claim fall well short of the pleading standard demanded by Iqbal. Far from showing that he had worked the requisite number of hours in a 12-month period to be eligible for FMLA leave, Plaintiff represents in his amended complaint that his supervisor's records show that he has been absent from work since April 7, 2009, more than 16 months before Plaintiff allegedly requested leave. (Doc. 6, p. 88). What's more, Plaintiff admits in his amended complaint that he has not satisfied the statutory hours requirement. (Id.). Whereas Plaintiff has pled facts that belie his eligibility for FMLA leave, his interference claim is fatally flawed. Therefore, Defendant's Motion to Dismiss is granted as to this claim as well.

It is **ORDERED** that Defendant's Motion to Dismiss (Doc. 14) is **GRANTED** and that Counts 18 and 105 of Plaintiff's amended complaint are **DISMISSED with prejudice**.[1]

---

[1] As the Eleventh Circuit has held, failure to cure deficiencies by amendments previously allowed can justify dismissal with prejudice. See Carvel v. Godley, 404 F. App'x 359, 361 (11th Cir. 2010) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

As provided in Rule 58 of the Federal Rules of Civil Procedure, Judgment shall be entered by separate document.

**DONE** and **ORDERED** this the **10th** day of **July 2012**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**